```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


MICHAEL C. MATTHEWS, JR.,        :
                                 :    HONORABLE JOSEPH E. IRENAS
             Plaintiff,          :  CIVIL ACTION NO. 09-2840(JEI/JS)
                                 :
                                 :           OPINION
          v.                     :
                                 :
THE NEW JERSEY INSTITUTE OF      :
TECHNOLOGY, et al.,              :
                                 :
             Defendants.         :
```

**APPEARANCES:**

PRESS & TAGLIALATELLA, LLC
By: Richard L. Press, Esq.
23 East Black Horse Pike
Pleasantville, New Jersey 08232
         Counsel for Plaintiff

PORZIO, BROMBERG & NEWMAN, P.C.
By: Vito A. Gagliardi, Jr., Esq.
    Damian Christian Shammas, Esq.
    Kerri Ann Wright, Esq.
100 Southgate Parkway
Morristown, New Jersey 07962
         Counsel for Defendants New Jersey Institute of
         Technology and Ernest Muro

RUDERMAN & GLICKMAN, ESQS.
By: Steven Samuel Glickman, Esq.
675 Morris Avenue, Suite 100
Springfield, New Jersey 07081
         Counsel for City of Atlantic City, Chief Donna
         Gaskill, Richard Sooy, Benjamin Fitzgerald,
         Dominic Cappella, and Gwen Lewis


**IRENAS**, Senior District Judge:

   Plaintiff Michael Matthews, Jr. brings this employment discrimination / retaliation suit against his employer, the City

of Atlantic City and its various employees, as well as the New Jersey Institute of Technology ("NJIT") and its Director, Ernest Muro.  NJIT and Muro presently move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons stated herein, the motion will be granted in part and denied in part.

I.

The Complaint alleges the following facts relevant to the present motion.  For "many years" the City of Atlantic City employed Plaintiff Matthews as a Senior Systems Data Processor within the City's Management Information Systems ("MIS") Department.  (Compl. Count 1, ¶ 1)  In June, 2005, Matthews applied for a promotion to Director of Data Processing.  He was not hired for the position.  Instead, the City of Atlantic City hired Defendants NJIT and Ernest Muro.[1]  Matthews alleges that the City hired NJIT and Muro "due to certain political connections."  (Compl. Count 1, ¶ 2)

Matthews initially remained in his position as Senior Systems Data Processor while NJIT, through Muro, "assumed control" of the MIS Department.  (Compl. Count 1, ¶ 6)  According to Matthews, NJIT and Muro began to "ignore[] longstanding

---

[1] According to the Complaint, NJIT and the City of Atlantic City have entered into a series of contractual relationships. (Compl. Count 1, ¶¶ 1, 2, 9)

2

bidding procedures and for unknown reasons and without any logical explanation, made financial decisions which ultimately cost the City of Atlantic City taxpayers thousands of dollars." (Id.)  Matthews alleges that he was "caught in the middle of this and attempted to correct it and stated that it was not the right thing to do, which caused Mr. Muro on behalf of NJIT to develop considerable hostility toward [Matthews]."  (Id.)  Specifically, Matthews alleges that Muro "consistently attacked [Matthews'] capabilities in managing MIS" when speaking with other people, and "advised City of Atlantic City decision makers [sic] that [Matthews] had sabotaged the [computer] network."  (Compl. Count 1, ¶ 3)

In January or February, 2006, Matthews was demoted to Data Processing Programmer, with an 11% reduction in salary.  (Compl. Count 1, ¶ 5)  Matthews alleges that after his demotion, someone broke into the shop in which he worked and "reviewed what was in [his] computer."  (Compl. Count 1, ¶ 3)

Matthews alleges that NJIT and Muro engaged in "conduct that was intentionally designed to remove [him] from his supervisory position within MIS [and] intentionally interfered with [his] prospective economic advantage and employment."  (Compl. Count 1, ¶ 9)  He further contends that "NJIT and Mr. Muro . . . entered into a concerted effort to ruin [Matthews'] reputation, breaking into [Matthews'] computer, [] beginning a series of threats to

3

silence [Matthews]."  (Id.)

Matthews seems to assert the following claims against NJIT and Muro: (1) intentional interference with economic advantage and prospective employment; (2) "breach of [Matthews'] civil rights pursuant to the New Jersey Civil Rights Statute," N.J.S.A. 10:6-2; (3) violation of the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 et. seq.; and (4) defamation.[2]  As previously noted, NJIT and Muro move to dismiss all four claims.[3]

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).  While a court must accept as true all allegations in

---

[2] In his opposition brief, Matthews states that NJIT and Muro aided and abetted the City of Atlantic City and its employees' alleged violation of New Jersey's Law Against Discrimination ("LAD"), N.J.S.A. 10-5:1 et. seq.  No such claim is pled in the Complaint.

[3] This Court has federal question subject matter jurisdiction over the present suit, *see* 28 U.S.C. § 1331, based on Matthews' federal Family Medical Leave Act, 29 U.S.C. § 2601 et seq., claim against the City of Atlantic City.  The Court exercises supplemental jurisdiction over the claims against NJIT and Muro, *see* 28 U.S.C. § 1367.

the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.

The Court begins with the common law tort claims of prospective interference with economic advantage and defamation before turning to the statutory claims.

### A.

The New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. ("TCA"), applies to the claims against NJIT and Muro, because NJIT is a public entity and Muro is a public employee. *Bonitsis v. New Jersey Inst. of Tech.*, 363 N.J. Super. 505, 522 (App. Div.

5

2003), *rev'd on other grounds*, 180 N.J. 450 (2004).[4]  NJIT and Muro assert that the common law tort claims must be dismissed because Matthews has not complied with the notice provisions of the TCA.[5]  The Court agrees.

The TCA provides, "[n]o action shall be brought against a public entity or a public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedures set forth in this chapter." N.J.S.A. 59:8-3.  Those procedures include giving the public entity notice of the claims asserted "not later than the ninetieth day after accrual of the cause of action."  N.J.S.A. 59:8-8.  Matthews does not dispute that he has failed to comply with the notice provisions of the TCA.

Accordingly, NJIT and Muro's Motion to Dismiss the common law tort claims will be granted.  Matthews' claims for interference with prospective economic advantage and defamation will be dismissed with prejudice.

**B.**

The New Jersey Civil Rights Act of 2004 provides a private

---

[4] *See also Thomasian v. N.J. Inst. of Tech.*, No. 08-2218, 2009 U.S. Dist. LEXIS 7900 at *6 (D.N.J. Feb. 3, 2009).

[5] NJIT and Muro concede that the statutory claims are not barred the TCA.  *See Owens v. Feigin*, 194 N.J. 607, 613-14 (2008); *Brennan v. Norton*, 350 F.3d 399, 431-32 (3d Cir. 2003); *Lakes v. Brigantine*, 396 N.J. Super. 65, 69 (Law Div. 2007).

cause of action to a person who

> has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law.

N.J.S.A. 10:6-2(c). Matthews' Complaint fails to identify which federal or state constitutional "rights, privileges, or immunities" he claims have been interfered with.[6] On the facts alleged, possible claims might include claims for violation of First Amendment or Fourteenth Amendment rights protected by the United States Constitution, or analogous rights protected by New Jersey's Constitution. But the Court, much less NJIT and Muro, cannot guess as to which claims Matthews is asserting. Federal Rule of Civil Procedure 8(a)(2) "'requires . . . a short and plain statement of the claim showing that the pleader is entitled to relief,' *in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (emphasis added). Matthews' New Jersey Civil Rights Act claim does not currently

---

[6] Even Matthews' brief in opposition to the instant motion fails to identify which constitutional rights he claims have been violated.

7

meet this standard. Accordingly, the claim will be dismissed without prejudice with leave to amend.

### C.

With regard to Matthews' CEPA claim, NJIT and Muro make three arguments: (1) NJIT and Muro are not "employer[s]" as defined by CEPA, N.J.S.A. 34:19-2(a), therefore CEPA cannot apply to their alleged actions; (2) the Complaint fails to state a claim for a CEPA violation; and (3) the claim is barred by CEPA's one-year statute of limitations. All three arguments fail.

First, CEPA defines "employer" as "any individual, partnership, association, corporation or any person or group of persons acting directly *or indirectly on behalf of or in the interest of an employer with the employer's consent*." N.J.S.A. 34:19-3(a) (emphasis added). Matthews' Complaint alleges that his direct employer, the City of Atlantic City, contracted with NJIT and Murro to "assume[] control" of the department in which Matthews worked. (Compl. Count 1, ¶ 6) These allegations are sufficient to plausibly support a conclusion that NJIT and Muro either acted "indirectly on behalf of" Matthews' employer, or acted "in the interest of" Matthews' employer "with the employer's consent." N.J.S.A. 34:19-3(a).[7]

---

[7] *See generally Abbamont v. Piscataway Twp. Bd. of Educ.*, 138 N.J. 405, 418 (1994) ("the traditional doctrine of *respondeat superior* governs employer liability for compensatory damages under

Second, the Complaint's factual allegations, while they are somewhat muddled and disorganized at times, do sufficiently allege the elements of a CEPA claim.  A CEPA plaintiff must prove four elements:

> (1) he or she reasonably believed that his or her employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he or she performed a "whistle-blowing" activity . . .; (3) an adverse employment action was taken against him or her; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action.

*Dzwonar v. McDevitt,* 177 N.J. 451, 462 (2003).  Matthews alleges that: (1) he believed that the City of Atlantic City and NJIT "ignored longstanding bidding procedures and for unknown reasons and without any logical explanation, [and] made financial decisions which ultimately cost the City of Atlantic City taxpayers thousands of dollars," (Compl. Count 1, ¶ 6); (2) he "attempted to correct it and stated that it was not the right thing to do" (id.); (3) he was demoted with a reduction in salary (id. ¶¶ 3, 5, 6) and was subjected to a hostile work environment (id. ¶¶ 6, 9); and (4) his whistle-blowing activity "caused Mr. Muro on behalf of NJIT to develop considerable hostility toward Plaintiff which ultimately resulted in . . . a demotion and cut

---

CEPA. Agency law is sufficiently flexible to provide just results in the great variety of circumstances presented by the retaliatory discharge of whistleblowers and to accomplish the purposes of CEPA.") (internal citations and quotations omitted).

in salary." (Id. ¶ 6)  Thus Matthews has alleged sufficient facts to support a CEPA claim.

Lastly, NJIT and Muro observe that the Complaint alleges that Matthews was demoted "in or around January or February of 2006," (Compl. Count 1, ¶ 5) which is more than one year before this suit was filed.[8]  Accordingly, they reason, Matthews' CEPA claim is barred by CEPA's one-year statute of limitations.  *See* N.J.S.A. 34:19-5.

Their argument, however, ignores Matthews' allegation that his demotion was just one part of the "hostile work environment" (Compl. Count 1, ¶ 9) created by the City of Atlantic City, NJIT and Muro "from July 13, 2005 through to the present date."  (Id. ¶ 4)  In *Green v. Jersey City Board of Education*, the New Jersey Supreme Court recognized the viability of the continuing violation doctrine for CEPA claims, holding that when a plaintiff alleges "a pattern or series of acts . . . when viewed cumulatively constitute a hostile work environment," his CEPA claim accrues "on the date on which the last act occurred, notwithstanding that some of the component acts of the hostile work environment were outside the statutory time period."  177 N.J. 434 (2003) (internal citations and quotations omitted). Because Matthews alleges that NJIT and Muro retaliated against him by creating a hostile work environment that continues

---

[8]  The Complaint was filed in state court on March 4, 2009.

"through to the present date" (Compl. Count 1, ¶ 4), this Court cannot dismiss his claim as time-barred.

NJIT's and Muro's Motion to Dismiss the CEPA claim will be denied.

**IV.**

For the reasons set forth above, the Motion to Dismiss by NJIT and Muro will be granted in part and denied in part.  The Motion will be granted as to the common law tort claims only.  The Motion will be denied as to the CEPA claim.  The New Jersey Civil Rights Act claim will be dismissed without prejudice.  The Court will issue an appropriate order.

March 23, 2010                           s/ Joseph E. Irenas
                                        JOSEPH E. IRENAS, S.U.S.D.J.