```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


MICHAEL C. MATTHEWS, JR.,       :
                                :   HONORABLE JOSEPH E. IRENAS
           Plaintiff,           :  CIVIL ACTION NO. 09-2840(JEI/JS)
                                :
                                :           OPINION
       v.                       :
                                :
THE NEW JERSEY INSTITUTE OF     :
TECHNOLOGY, et al.,             :
                                :
           Defendants.          :
```

**APPEARANCES:**

PRESS & TAGLIALATELLA, LLC
By:  Richard L. Press, Esq.
23 East Black Horse Pike
Pleasantville, New Jersey 08232
           Counsel for Plaintiff

PORZIO, BROMBERG & NEWMAN, P.C.
By:  Vito A. Gagliardi, Jr., Esq.
     Damian Christian Shammas, Esq.
     Kerri Ann Wright, Esq.
100 Southgate Parkway
Morristown, New Jersey 07962
           Counsel for Defendants New Jersey Institute of
           Technology and Ernest Muro

RUDERMAN & GLICKMAN, ESQS.
By:  Steven Samuel Glickman, Esq.
675 Morris Avenue, Suite 100
Springfield, New Jersey 07081
           Counsel for City of Atlantic City, Chief Donna
           Gaskill, Richard Sooy, Benjamin Fitzgerald,
           Dominic Cappella, and Gwen Lewis


**IRENAS**, Senior District Judge:

     In a prior opinion and order, this Court dismissed without

prejudice Plaintiff's New Jersey Civil Rights Act (NJCRA) claim against Defendants Muro and the New Jersey Institute of Technology (NJIT) for failure to allege exactly which constitutional rights had been violated.[1]  Plaintiff Michael Matthews, Jr. files this Motion to Amend the Complaint (Motion) to cure that defect and to add a New Jersey Conscientious Employee Protection Act (CEPA) claim against Defendants Richard Sooy, Donna Gaskill and City of Atlantic City.  Defendants have not filed papers in opposition to this Motion.  For the following reasons, the Motion will be granted in part and denied in part.

---

[1] In the original complaint, Matthews alleged the following four claims against Defendants NJIT, Muro, City of Atlantic City, Benjamin Fitzgerald, and Dominic Cappella: (1) intentional interference with economic advantage and prospective employment; (2) defamation; (3) violation of Matthews' civil rights pursuant to NJCRA, N.J.S.A. 10:6-2; and, (4) violation of the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 et. seq.  (Compl. Count 1, ¶ 10)  In addition, Matthews alleged a federal Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., claim against Defendants Richard Sooy, Donna Gaskill and City of Atlantic City.  (Compl. Count 2, ¶ 19)  In response, Defendants NJIT and Muro moved to dismiss claims (1) through (4) pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Matthews v. New Jersey Institute of Technology,* 2010 WL 1186201, at *1 (D.N.J. 2010).  This Court granted NJIT and Muro's motion to dismiss with prejudice as to claims (1) and (2), granted the motion with leave to amend as to claim (3), and denied the motion with respect to claim (4).  *Id.* at *4.  As noted in the previous opinion, this Court will exercise federal question subject matter jurisdiction over the present suit, *see* 28 U.S.C. § 1331, based on Matthews' federal FMLA, 29 U.S.C. § 2601 et seq., claim against Defendants Sooy, Gaskill and City of Atlantic City. *Matthews,* 2010 WL 1186201, at *1 n.3.  The Court exercises supplemental jurisdiction over the claims against NJIT, Muro, Sooy, Gaskill, and City of Atlantic City, *see* 28 U.S.C. § 1367.

I.

The Complaint alleges the following facts relevant to the present Motion. For "many years" City of Atlantic City employed Plaintiff Matthews as a Senior Systems Data Processor within the City's Management Information Systems ("MIS") Department. (Am. Compl. Count 1, ¶ 1)  In June, 2005, Matthews applied for a promotion to Director of Data Processing.  He was not hired for the position.  Instead, City of Atlantic City hired Defendants NJIT and Ernest Muro.  Matthews alleges that the City hired NJIT and Muro "due to certain political connections."  (Am. Compl. Count 1, ¶ 2)

Matthews initially remained in his position as Senior Systems Data Processor while NJIT, through Muro, "assum[ed] control" of the MIS Department.  (Am. Compl. Count 1, ¶ 6) According to Matthews, NJIT and Muro began to "ignore[] longstanding bidding procedures and for unknown reasons and without any logical explanation, made financial decisions which ultimately cost the City of Atlantic City taxpayers thousands of dollars."  (*Id.*)  Matthews alleges that he was "caught in the middle of this and attempted to correct it and stated that it was not the right thing to do, which caused Mr. Muro on behalf of NJIT to develop considerable hostility toward [Matthews]."  (*Id.*) Specifically, Matthews alleges that Muro "consistently attacked [Matthews'] capabilities in managing MIS" when speaking with

3

other people, and "advised City of Atlantic City decision makers [sic] that [Matthews] had sabotaged the [computer] network." (Am. Compl. Count 1, ¶ 3)

In January or February, 2006, Matthews was demoted to Data Processing Programmer, with an 11% reduction in salary. (Am. Compl. Count 1, ¶ 5) Matthews alleges that after his demotion, someone broke into the shop in which he worked and "reviewed what was in [his] computer." (Am. Compl. Count 1, ¶ 3)

Matthews alleges that NJIT and Muro engaged in "conduct that was intentionally designed to remove [Matthews] from his supervisory position within MIS [and] intentionally interfered with [Matthews'] prospective economic advantage and employment." (Am. Compl. Count 1, ¶ 9)

Matthews further contends that Defendants Richard Sooy and Donna Gaskill, Matthews' immediate supervisors, disciplined Matthews for "objecting to and reporting of [sic] ongoing conduct and unsafe and unsanitary working conditions." (Am. Compl. Count 3, ¶ 5) In a Notice issued January 13, 2010, the New Jersey Department of Labor and Workforce Development investigated Matthews' allegation and found that Sooy had issued "a written reprimand which was applied to [Matthews'] personnel file," (Am. Compl. Ex. A, 4-5) for reporting health and safety violations to the Office of Public Employee's Occupational Safety and Health (OPEOSH). (Am. Compl. Count 3, ¶ 2)

On or about March 26, 2010, Sooy entered a lockout command code to prohibit Matthews from using the fax machine, which was necessary to properly complete his assignments. (Am. Compl. Ex. B, 1, ¶ 1)  In response, Matthews filed a complaint with the Department Head, Emergency Services Director Tom Foley. (Am. Compl. Ex. B, 1, ¶ 4)  In addition, on March 28, 2010, Matthews sent a grievance report to Atlantic City White Collar Union President, Jenny Darnell that alleges further harassment from Sooy and Gaskill. (Am. Compl. Ex. B)  In particular, Matthews alleges that his complaint to Director Foley prompted Sooy and Gaskill to retaliate against Matthews by way of oral reprimands. (Am. Compl. Ex. B, 1, ¶ 5)  Sooy further punished Matthews by requiring him to write assignments that detailed "how [Matthews] violated the 'chain of command.'" (*Id.*)  Due to "the harassment, hostility and stress [Matthews] felt that day [Matthews] had no choice but to use sick time for the rest of [Matthews'] shift." (Am. Compl. Ex. B, 2, ¶ 3)  In addition, Matthews alleges a "loss of pay because of discipline." (Am. Compl. Count 3, ¶ 5)

Matthews moves to amend the original pleadings to assert the following claims[2]: 1) NJIT and Muro violated NJCRA, N.J.S.A. 10:6-2; 2) Richard Sooy, Donna Gaskill and City of Atlantic City violated CEPA, N.J.S.A. 34:19-3.

---

[2] Matthews asserts the same federal FMLA and New Jersey CEPA claims alleged in the original complaint.  Those claims are not at issue in this Motion to Amend.

5

**II.**

Fed. R. Civ. P. 15(a)(2) states that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Relevant to the instant Motion, "amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 122 (3d Cir. 2000). Thus, in determining futility, the Court must "accept all factual allegations as true, construe the [proposed amended] complaint in the light most favorable to the plaintiff[s], and determine, whether under any reasonable reading of the [proposed amended] complaint, the plaintiff[s] may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The proposed amended complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Id.* at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

6

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.
### A.
### *i.*

NJCRA provides a private cause of action to a person who

> has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law.

N.J.S.A. 10:6-2(c). To establish a cause of action, a plaintiff must allege a specific constitutional violation. *Id.* Matthews' original Complaint failed to identify which federal or state constitutional "rights, privileges, or immunities" had been interfered with. *Matthews*, 2010 WL 1186201, at *3. In this Motion, Matthews has alleged two constitutional violations: 1) violation of his New Jersey State First Amendment rights, and; 2) violation of his procedural due process rights under both the United States and New Jersey State Constitutions.

However, the Court cannot grant Matthews Motion in this regard because the proposed claims are barred by CEPA's waiver

7

provision. The relevant portion of the statute states,

> Nothing in this act shall be deemed to diminish the rights, privileges, or remedies of any employee under any other federal or State law or regulation or under any collective bargaining agreement or employment contract; except that the institution of an action in accordance with this act shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, State law, rule or regulation or under the common law.

N.J.S.A. 34:19-8.

In *Young v. Schering Corp.*, the New Jersey Supreme Court rejected a literal reading of the waiver provision, which would force employees to "choose between a CEPA claim and other legitimate claims that are substantially, if not totally, independent of the retaliatory discharge claim." 141 N.J. 16, 25 (1995). Instead, the Court held,

> the wavier exception means, for purposes of this case, that once a CEPA claims is 'instituted,' any rights or claims for *retaliatory discharge* based on a contract of employment; collective bargaining agreement; State law, whether its origin is the Legislature, the courts, the common law rule of court; or regulations or decision based on statutory authority, are all waived.

*Id.* at 29 (emphasis added). Thus, only plaintiff's claims that required a finding of retaliatory discharge were precluded by CEPA. *Id.* Claims that "'d[id] not resemble the alleged CEPA violations and require[d] different proofs than those needed to substantiate a CEPA claim'" were allowed to proceed. *Id.* at 31; *see also Estate of Oliva v. New Jersey*, 579 F.Supp. 2d 643, 683-84 (D.N.J. 2008), *aff'd*, ___F.3d___, 2010 WL 1757297 (3d Cir.

8

2010). State claims that allege facts substantially related to the CEPA violation must be dismissed.[3] *See Hilburn v. Bayonne Parking Authority*, 2009 WL 235629, at *9-11 (D.N.J. 2009).

Matthews successfully pled the elements of a CEPA claim against defendants Muro and NJIT in the original pleadings. *Matthews*, 2010 WL 1186201, at *3-4. However, the NJCRA and CEPA claims require similar proofs and allege substantially related facts. Both claims require proof that Defendants took adverse employment action against Matthews in the form of "discipline and other forms of unwarranted punishment." (Am. Compl. Count 1, ¶ 11) In addition, Matthews asserts both the NJCRA and CEPA claims in Count 1 of the proposed Amended Complaint. (*See* Am. Compl. Count 1) The facts are not merely substantially related, but identical. (*Id.*) As such, the claim is futile because it "would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin*, 227 F.3d at 122. Accordingly, Matthews' Motion to Amend the NJCRA claim against Muro and NJIT must be denied. *See Hilburn*, 2009 WL 235629, at *9-11, 13 (pursuant to the CEPA waiver, dismissing NJCRA claims that alleged state constitutional violations because the facts were

---

[3] The CEPA waiver does not apply to federal claims. *Hilburn,* 2009 WL 235629*,* at *10, n.4. Although Matthews asserts a federal constitutional procedural due process violation, the statute Matthews uses to vindicate those rights is New Jersey's Civil Rights Act. The Court does not interpret the proposed Amended Complaint as asserting a federal claim. The analogous federal statute, 42 U.S.C. § 1983, is not cited or referenced.

substantially related to alleged CEPA violations).[4]

### ii.

Alternatively, Matthews' federal procedural due process claim fails on the merits. "One who has been dismissed from public employment must make two showings to establish that the dismissal violated due process: (1) that the dismissal deprived him of a property or liberty interest, and (2) that the employer did not afford him adequate procedural protections in connection with the action." *Richardson v. Felix*, 856 F.2d 505, 507 (3d Cir. 1988); *see also Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Relevant to this case, a property interest in one's employment requires "a legitimate claim or entitlement to it." *Roth*, 408 U.S. at 577. Thus, in *Roth*, a one year term employment contract that contained no right to renewal did not create a property interest beyond the term of the contract. *Id*. at 578.

Matthews has not alleged any facts to suggest that he is anything other than an at-will employee. "While legal conclusions can provide the framework of a complaint, they must be supported

---

[4] The Court's research has not uncovered any case applying the CEPA waiver to a NJCRA claim asserting violations of federal, as opposed to New Jersey, constitutional rights. While the Court is inclined to conclude that all NJCRA claims-regardless of whether based on federal or New Jersey constitutional rights-are barred, that issue need not be decided because, as discussed below, Matthews has failed to allege a federal constitutional deprivation.

10

by factual allegations." *Iqbal*, 129 S. Ct. at 1950. Matthews has not pled facts that establish a claim or entitlement to his employment and, thus, fails to establish the first prong of a procedural due process claim.[5] Because Matthews' proposed claim is without merit, the Motion will be denied as to the alleged federal procedural due process violation brought pursuant to the NJCRA.

**B.**

Matthews' second claim alleges a wholly new CEPA violation against defendants Sooy, Gaskill and City of Atlantic City.[6] A CEPA plaintiff must prove four elements:

> (1) he or she reasonably believed that his or her employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he or she performed a "whistle-blowing" activity . . .; (3) an adverse employment action was taken against him or her; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action.

---

[5] Nor has Matthews established a liberty interest. A protected liberty interest would encompass government allegations that tend to tarnish "a person's good name, reputation, honor, or integrity." *Wisconsin v. Constantineau*, 400 U.S. 433, 436 (1971). Furthermore, a reputational harm must be "coupled with an additional deprivation of a protected right or interest." *Baraka v. McGreevy*, 481 F.3d 187, 208 (3d Cir. 2007); *see also Paul v. Davis*, 424 U.S. 693, 711-12 (1976). Matthews does not allege a deprivation of liberty in the proposed Amended Complaint nor would the facts support an inference of such a deprivation.

[6] Although the Court's order of March 23, 2010 only granted Matthews leave to amend his NJCRA claim, *Matthews*, 2010 WL 1186201, at *3, as Defendants have not objected, the Court will consider the additional proposed CEPA claim.

11

*Dzwonar v. McDevitt,* 177 N.J. 451, 462 (2003).

Matthews alleges that: (1) Matthews reasonably believed that unsafe and unsanitary working conditions existed in violation of the New Jersey Public Employees' Occupational Safety and Health Act, N.J.S.A. 34:6A-25 et seq. (Am. Compl. Count 3, ¶ 5); (2) Matthews filed complaints with the Department of Labor and Workforce Development (Am. Compl. Ex. A); the Director of Public Safety, Tom Foley (Am. Compl. Count 3, ¶ 3); and Atlantic City White Collar Union President, Jenny Darnell (Am. Compl. Ex. B); (3) Matthews lost pay due to discipline; Sooy and Gaskill prohibited Matthews from using the copier and fax machine, which was necessary to complete his assignments; Sooy and Gaskill forced Matthews to write memos on how he violated the chain of command; and Sooy issued written reprimands in Matthews' personnel file (Am. Compl. Count 3, ¶¶ 3, 5); (4) Sooy and Gaskill disciplined Matthews because he objected to his supervisors and engaged in whistle-blowing activities by reporting "health and safety violations to the PEOSHA [sic]." (Am. Compl. Count 3, ¶ 2)  The facts alleged are sufficient to state a CEPA claim.  Accordingly, Matthews' Motion will be granted as to the CEPA claim.

## IV.

For the reasons set forth above, the Motion will be denied as

to the NJCRA claim, but granted as to the CEPA claim.  The Court will issue an appropriate order.

June 15, 2010                             s/ Joseph E. Irenas
                                    JOSEPH E. IRENAS, S.U.S.D.J.

13